IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Farris, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | No. 16-cv-____ |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois, | ) | *(jury demand)* |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, re-files previously dismissed allegations in 14-cv-6259, and alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). The jurisdiction of this Court is conferred by 28 U.S.C. § 12133 and 29 U.S.C. § 794a(a)(2).

2. Plaintiff Kenneth Farris, at all times relevant, was a wheelchair using detainee at the Cook County Jail as a result of a stroke that caused paralysis on the right side of his body. Without the use of a leg brace, which defendants did not permit plaintiff to use at the Jail, plaintiff relied on a wheelchair to move from place to place.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only on plaintiff's claims under the ADA and the Rehabilitation Act.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners at the Cook County Jail and is a necessary party pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003).

5. Defendants have received federal funds since at least 2003.

6. Plaintiff entered the Jail as a pre-trial detainee in April of 2014. Plaintiff remained at the Jail for about one year.

7. During the intake process into the Jail, medical personnel recognized that plaintiff required a wheelchair to engage in the everyday life activity of moving from place to place and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities.

8. Defendant Cook County classified plaintiff Farris as an "M4" which is the highest level of care for inmates assigned to the Cermak Infirmary.

9. Defendants provided plaintiff with a wheelchair but failed to assign plaintiff to a housing unit capable of accommodating his disabilities.

10. At all times on and after the date plaintiff entered the Jail, defendants knew that the Jail did not have sufficient capability to accommodate each detainee

who required a wheelchair and provide that detainee with access to toilets, showers, beds, and facilities in the common areas of the housing units.

11. Notwithstanding the foregoing, defendants continued to accept into the Jail wheelchair-using detainees, even when defendants knew that the result would be the denial of rights secured by the ADA and the Rehabilitation Act.

12. As a result of the foregoing, plaintiff was unable to use the jail's toilets, showers, beds, or common area facilities on the same basis as other detainees.

13. For example, when plaintiff was initially taken into the Jail, he was required to sleep on the floor in a "boat" at the Cermak Infirmary because the Jail did not have sufficient space to accommodate plaintiff as a wheelchair user.

14. While confined in the above referenced cell, plaintiff was required to sleep on the floor and did not have access to toilet and sink facilities on the same basis as other detainees.

15. During the rest of plaintiff's detention at the Jail, he was assigned to various rooms primarily on the third floor of the Cermak Infirmary. Most of these living units were not ADA Compliant and therefore deprived plaintiff the ability to use the lavatory on the same basis as abled body inmates.

16. In addition, although plaintiff was prescribed a shower chair and a patient attendant for assistance with showing and washroom activity by Dr. Ting on April 2, 2014, defendants routinely did not provide assistance for plaintiff to shower in the inaccessible gang shower. As a result, plaintiff was required to use

an unstable and dangerous shower chair to bathe. At all relevant times, defendants knew that requiring plaintiff, as a wheelchair user, to shower under these conditions violated the ADA.

17. Plaintiff complained to various medical and correctional employees about being assigned to inaccessible living units. Notwithstanding plaintiff's complaints, he was not provided access to an accessible living unit.

18. The above-described deliberate indifference caused plaintiff to be deprived of rights secured by the ADA and the Rehabilitation Act and to incur physical injuries, including falls.

It is therefore respectfully requested that the Court grant appropriate compensatory damages. Plaintiff also requests that the Court grant whatsoever other relief as may be appropriate, including an award of fees and costs.

/s/ Patrick W. Morrissey
Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S Western Ave. Ste Rear
Chicago, IL. 60643
(773) 233-7900
*Attorney for Plaintiff*